# CHARLESTON.

## HUNTER v. TOLBARD.

### Submitted Sept. 9, 1899—Decided Dec. 2, 1899.

1. CONTRACT. *Intoxication Void Demurrer.*
   Where a plaintiff in his bill alleges that he was induced to sign a contract while in a state of intoxication to such a degree as not to know the true intent or meaning of the same, such contract is not only voidable, but absolutely void, on demurrer. (p. 262.)

2. CONTRACT—*Good Faith—Partners—Fraud.*
   Where such bill alleges that the contract so obtained was in violation of the rights and good faith which should prevail between partners, and charges that the same was obtained through fraud, and for the purpose of delaying and defrauding the plaintiff from obtaining his full rights in said co-partnership, it is error to sustain a demurrer to such bill.
   (pp. 260-261-262.)

Appeal from Circuit Court, Tucker County.

Bill by E. C. Hunter against W. S. Tolbard.    Decree for defendant, and plaintiff appeals.

*Reversed.*

H. J. WAGONER and A. J. VALENTINE. for appellant.

CUNNINGHAM and STALLINGS, for appellee.

ENGLISH, JUDGE:

On the 18th of February, 1895, Tolbard and Hunter entered into an agreement in writing by which said Tolbard contracted to let Hunter have one-half interest in all the lumber outfit belonging to the Bartlett camp, four pairs of horses, and the camp outfit and wood tools, including everything; Hunter agreeing to pay Tolbard one thousand dollars for the one-half interest, and to receive one-half of the profits of work done with said outfit.    The one thousand dollars mentioned was not to be taken out until the business was in shape to pay it, and Hunter was to have a salary of two dollars per day for running the job.    On the first Monday in February, 1898, Hunter filed his bill in the circuit court of Tucker County against Tolbard, in which he stated, among other things, that he was a practical lumberman, and had the reputation of being a successful one in that portion of the State; that in February, 1895, he entered into a partnership with defendant, at his solicitation, for carrying out the terms of an agreement defendant had with the Blackwater Lumber Company for furnishing logs, etc., and paid defendant one thousand dollars for one-half interest in said contract, upon terms set forth in said agreement; that he entered upon his duties under said contract, which proved a very profitable one; and that on the 3d of April, 1897, having received but a small part of the profits arising from said work, he went to the defendant, and asked for a settlement, so that he could receive the profits then due him, but defendant refused to settle, and plaintiff being intoxicated, went home.    Shortly afterwards, the defendant came to him with an agreement, already prepared, stating that .plaintiff must sign it, and then they would settle; and the plaintiff, being much intoxicated, unfit for business, very much in need of money, and

without knowing the true import of said agreement, signed the same. whereupon they entered upon a pretended partial settlement, and plaintiff received one thousand eight hundred dollars on account of his share of the profits. Plaintiff states, further, that he subsequently learned that the terms and conditions of said agreement were that if either of the parties should at any time thereafter become intoxicated, and absent himself from the work of carrying out said contract, such person so becoming intoxicated, and absenting himself for any length of time, should lose his entire interest in said contract, and forfeit to the other ten cents per one thousand feet as the plaintiff understood, but as defendant now claims fifty cents per one thousand feet; that said agreement was signed at the defendant's hotel, in the town of Davis, in the saloon of which plaintiff received part of the liquor which intoxicated him; that from this time until the 6th of October, 1897, he continued to work on said contract, under the terms of said agreement, when he again became intoxciated, when the defendant again called at his room in said hotel, and claimed that the partnership was at an end, under the terms of said agreement of April 3, 1897, and demanded that plaintiff should turn over to him all his rights and interest in said co-partnership, and forfeit all further right and interest therein, and claimed that plaintiff was further indebted to him in the sum of six hundred and seventy-eight dollars and forty cents, which sum plaintiff paid him in cash; and that since that time the defendant has placed other persons in charge of said business, and completely ousted him from participation therein or control of same, although he has been sober since the 12th of October. and at all times ready to perform his part of said agreement. The plaintiff also avers and charges that the agreement of April 3, 1897, having been obtained from him while he was intoxicated, and under such conditions as to amount to duress, and in violation of the rights and good faith which should prevail between partners. and its execution having been obtained through fraud, and for the express purpose of hindering, delaying, and .defrauding the plaintiff from obtaining his full rights in said copartnership, he has the right to have the same cancelled and declared void, and to

be restored to all his rights and privileges, and that de-
fendant should be compelled to account to him for his full
equitable one-half of the profits of said contract, and that
his one-half interest therein be returned to him, together
with said six hundred and seventy-eight dollars and forty
cents paid by him to defendant in October, 1897, in addi-
tion to the sum of two dollars per day and the board of
plaintiff while so engaged in the conduct of said business,
less the half of the actual loss that may have been sus-
tained, and that, if necessary, a receiver of said business
should be appointed by the court to take charge of and
conduct the same until such time as these matters might
be satisfactorily settled through the aid of the court. The
plaintiff also prayed that the cause might be referred to a
commissioner to settle said accounts, and that he might
have a personal decree for the amount due him under the
terms of said co-partnership, and for such general and spe-
cial relief as he might be entitled to. To this bill the de-
fendant demurred, the demurrer was sustained, and the
bill dismissed. From this action of the court the plaintiff
appealed.

The question presented by the record and pleadings is
whether the plaintiff by his bill has made such a case as
entitles him to relief in a court of equity. As a matter of
course, upon demurrer, all matters which are properly
pleaded must be taken as true, and the demurrant simply
says, conceding all of the allegations in the bill to be true,
the plaintiff is not entitled to relief in a court of equity.
Now, the plaintiff says that he had worked under his part-
nership contract with defendant until the 3d of April, 1897,
when there was more than one thousand eight hundred
dollars due him, and about that time he demanded a settle-
ment, but defendant refused to settle; that on that day,
when plaintiff was badly intoxicated, in great need of
money, and without knowing the true intent of the agree-
ment brought to him by defendant, already prepared, he
signed the same, which he charges was changed in import-
ant particulars after it was signed; that the manner in
which the agreement was forced on him amounted to du-
ress; that it was in direct violation of the good faith which
should prevail between partners, and was obtained through

fraud, with intent to hinder him from obtaining his full rights and privileges in the partnership. It is also apparent, from the terms of said agreement, set forth in the bill, that it was not contemplated that the defendant was to give his personal attention to this lumber business, but that it was to be intrusted to the plaintiff, a man of practical experience, so that the language of said agreement above quoted clearly indicates that the same was a scheme to get rid of plaintiff, and obtain a considerable share of the profits of the business, when there was no corresponding risk on defendant's part, as he was at all times absent from the work. The plaintiff also alleges that on the 6th of October, 1897, he again became intoxicated; whereupon the defendant again called him into his room at the hotel, demanded a settlement, and declared said partnership at an end under said agreement of April 3, 1897, and that plaintiff should turn over to him all of his interest in the partnership property, and claimed that plaintiff was indebted to him six hundred and seventy-eight dollars and forty cents, which he paid him in cash. Plaintiff also alleges that he became sober on the 12th day of October, 1897.

As to the allegation in the bill that the plaintiff was intoxicated at the time he signed the agreement of April 3, 1897, and from that cause was incapacitated from making a contract, we find the law thus stated in 3 Minor, Inst. pt. 1: "Where a fraudulent advantage is taken of drunkenness: This is so direct and palpable a fraud as always to render the transaction voidable in all the courts, whether of law or equity,"—citing numerous authorities, and among them *Reynalds* v. *Waller's Heir*, 1 Wash. (Va.) 164; *Harvey* v. *Pecks*, 1 Munf. 518. The author also says: "Where the drunkenness is so total as to have deprived the party of his reason and of an agreeing mind: In this case, without any reference to any question of fraud, there being an absolute want of understanding, without which there can be no contract, the transaction, whatever it may be, is not, as in other cases, voidable, only, but wholly void." On this point, see, also, 2 Pom. Eq. Jur. § 949; Bish. Cont. § 980; 11 Am. & Eng. Enc. Law, 773.

The facts alleged in the bill must be regarded as true on demurrer, and, in my opinion, are sufficent, if proven, to

entitle the plaintiff to the relief prayed for. The decree complained of which sustains the demurrer must be reversed, and the cause remanded.

*Reversed.*