# CHARLESTON.

C. A. HOUSE CO. *v.* HAZLETT

(No. 6611)

Submitted April 29, 1930.   Decided May 6, 1930.

*William F. Simpson,* for plaintiff in error.
*Handlan, Garden & Matthews,* for defendant in error.

WOODS, JUDGE:

Defendant complains of the action of the circuit court of Ohio county in entering judgment on a verdict in favor of the plaintiff for the purchase price of a certain Chickering Ampico piano, together with interest thereon to the date of the verdict.

It appears from the evidence introduced on behalf of plaintiff that late Saturday afternoon, March 10, 1929, an agent of the company, upon information that defendant was in the market for a piano, visited the latter's apartment, and sold him the piano in question, and took his check for the total amount. The piano was delivered later that evening, in accordance with instructions. Payment was stopped on the check on the Tuesday following, and this action was instituted two months later.

The general issue and accord and satisfaction were pleaded. In support of the issues thereunder, a physician, one of the two witnesses for the defense, testified that he examined defendant on Monday night, March 12, 1929, and found him to be suffering from toxemia, and that he took him to a hospital at Pittsburgh for treatment; that it usually takes a person using intoxicants about five to seven days to get into

a condition similar to that of defendant on that night; and that, so far as his testimony as to defendant's inability to contract on the 10th instant was concerned, he was only surmising. The other witness, a business associate, simply states that he and defendant were in business together.

From the above it would appear that the validity of the sale is sought to be attacked on the ground that there was no meeting of the minds, and therefore no valid contract of sale. The test in such a case may be said to be, Did the defendant, alleged to be suffering from toxemia, know what he was doing? The salesman testified that all of defendant's actions were those of a normal man; that the piano was delivered in the presence of three of defendant's friends; that the defendant asked for a particular roll of music, and played several selections before the witness left. The other representatives of the company who assisted in delivering the piano corroborate the agent in his statement that defendant seemed normal at that time. Ordinarily, the defense must bear the burden of proof of personal defenses of this nature, as the matters sought to be set up are peculiarly within his control. It therefore became incumbent on him to show that he was incapable of knowing what he was doing, or was deprived of his powers of reasoning and understanding to such an extent that he failed entirely to comprehend the consequences of his acts. *Hunter* v. *Tolbard*, 47 W. Va. 258, 34 S. E. 737.

This matter was placed squarely before the jury in plaintiff's instruction No. 2, to the effect that, if they believe from the evidence that defendant at the time he entered into the agreement for the purchase of the piano in question was not so destitute of reason as to be made unable to understand the effect or consequence of said transaction, then their verdict must be for plaintiff. In the absence of a brief on behalf of defendant elaborating on the mere allegation in the petition that the court erred in giving the above instruction, we are of opinion that it was proper, since the real defense seems to center around defendant's inability to make the purchase.

The two instructions of the defendant, relating to accord and satisfaction, were properly refused, as there is no evi-

dence in the record to the effect that the piano was delivered on trial and taken back by the plaintiff.

The jury, by their verdict, have found that the defendant was capable of understanding the effect of the transaction, and we see no reason for disturbing that finding.

*Affirmed.*